UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-80884-RAR**

**PEIXUAN WANG,** *et al.*,

    Plaintiffs,

v.

**REVERE CAPITAL MANAGEMENT LLC,** *et al.*,

    Defendants.

_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION
AND GRANTING MOTION TO DISMISS**

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Maynard's Report and Recommendation, [ECF No. 52] ("Report"), filed on February 15, 2023. The Report recommends that the Court grant Defendants' Motion to Dismiss First Amended Complaint, [ECF No. 33]. *See* Report at 1. The Report properly notified Plaintiffs of their right to object to Magistrate Judge Maynard's findings and also instructed the parties to file a Notice if they did not intend to object to the Report. *Id.* at 19. Both parties filed Notices indicating their lack of objections to the Report. *See* [ECF Nos. 53, 54].

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[]

[judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)).  In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because there are no objections to the Report, the Court did not conduct a *de novo* review.  Rather, the Court reviewed the Report for clear error.  Finding none—and agreeing with Magistrate Judge Maynard's well-reasoned analysis—it is hereby

**ORDERED AND ADJUDGED** that the Report, [ECF No. 52], is **AFFIRMED AND ADOPTED** and Defendants' Motion, [ECF No. 33], is **GRANTED** as follows:

1. The Amended Complaint is **DISMISSED** *without prejudice* as a shotgun pleading.
2. Count I is **DISMISSED** *without prejudice*.
3. Count II is **DISMISSED** *with prejudice*.
4. Count III is **DISMISSED** *with prejudice*.
5. Count IV is **DISMISSED** *without prejudice*.
6. Count V is **DISMISSED** *with prejudice*.
7. Plaintiffs are granted one final opportunity to amend their Complaint to address the deficiencies discussed in the Report on or before **March 1, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of February, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**